JACKMAN *v.* JACKMAN.

DIVORCE—DESERTION—EVIDENCE—SUFFICIENCY.
In a suit for divorce on the ground of desertion, evidence *held*, insufficient to make out a case.

Appeal from Marquette; Flannigan (Richard C.), J. Submitted February 3, 1927. (Docket No. 142.) Decided May 3, 1927.

Bill by George C. Jackman against Emma S. Jackman for a divorce. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*J. L. Heffernan,* for plaintiff.

*E. A. Macdonald,* for defendant.

BIRD, J.    Plaintiff asked the Marquette circuit court to grant him a decree of divorce from defendant on the ground of desertion.    His request was denied, and he appeals.

The parties were married in Saginaw in the year 1889, and soon after moved to Marquette.    Plaintiff was engaged in newspaper work, and he operated newspaper plants in Baraga, and also in L'Anse.    His success in these ventures was rather indifferent.    In 1907 he moved with his family to Portland, Oregon, and was engaged in different occupations there until 1914, when he returned to Houghton.    He engaged in several lines of work, but none was very productive or successful.    He was employed at the Marquette prison as an officer for a time, and afterwards was appointed to a position in the land office.    The land

Divorce, 19 C. J. § 368.

office was soon after abolished, and he lost that position.

The parties had two children, a son and a daughter. By this time they were grown and in homes of their own. Defendant spent some time in Detroit with her mother. When plaintiff received his appointment in the land office in the fall of 1922 he rented a furnished apartment in Marquette and wrote to his wife and requested her to come and resume housekeeping. She replied that she could not leave her mother at that particular time, and after waiting for a time plaintiff surrendered his lease and the parties have not since lived together.

Plaintiff assigns defendant's refusal to come to him at this time as the cause for divorce. On this date he claims the desertion began, which has now continued for over two years. This divorce case is somewhat singular, inasmuch as the parting of the ways of these parties does not appear to have been preceded by a quarrel or of any misunderstanding. Plaintiff appears to be one of those well-meaning but unfortunate men, in that he was never quite able to succeed and furnish a good living for himself and family. He appears to have been kind and considerate, and gave his money freely when he had it, and he appears to have been sober and industrious, and did the best he could, but was just out of luck in the race of life. It was this inability to get along that induced defendant to go to her mother until such time as he could provide a home for her. When plaintiff invited her to come she did not refuse because she did not want to live with him any longer, but she refused on the ground that she could not leave her mother at that particular time, and he never afterward invited her to return to him.

The record is persuasive that, after many years of indifferent support, defendant has lost her interest in

the ecstasy of married life; that so far as she is concerned the "fire has gone out," but we find no place where she has refused to live with plaintiff, except the refusal mentioned, and as to that refusal it appears to have been merely a temporary refusal based upon the needs of her mother.   It would, undoubtedly, be better if these people were legally separated.   It would be better for them and better for the public, but we have no right to grant them such a decree unless there is a legal cause shown for it, and we have concluded, as did the chancellor, that plaintiff has failed to make a case in this respect.

The decree will be affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.